## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF GEORGIA
## NEWNAN DIVISION

| | |
|---|---|
| GABRIEL BURNETTE, | |
| *Plaintiff,* | Civil Action No. |
| v. | |
| GRIFFIN-SPALDING COUNTY SCHOOL DISTRICT, DR. KEITH SIMMONS, *in his individual capacity and official capacity,* R. SYNTEL BROWN, *in his individual capacity and official capacity,* WILLIAM B. DOSS, *in his individual capacity and official capacity,* SUE MCDONALD, *in her individual capacity and official capacity,* BARBARA JO COOK, *in her individual capacity and official capacity,* ZACHERY B. HOLMES, *in his individual capacity and official capacity,* and JUDI BATTLE, *in her individual capacity and official capacity,* | JURY TRIAL DEMANDED |
| *Defendants.* | |

## <u>COMPLAINT</u>

## INTRODUCTION

Plaintiff Gabriel Burnette ("Plaintiff" or "Mr. Burnette") is an incredible African American educator and serviceman. He faithfully served the Griffin-Spalding County School District ("the District") as an Assistant Principal for over

seven years; the State of Georgia as an outstanding educator for over two decades; and the United States of America as a member of the Army Reserve with two tours of duty in Iraq and Afghanistan during times of war.

Upon return from service to our Country in Iraq and Afghanistan, Mr. Burnette unfortunately developed a trauma related anxiety disorder which substantially impacts his major life activities. Fortunately, Mr. Burnette's disorder was successfully controlled by medication. Over the course of his two decades of service to the State of Georgia as an educator, and especially during his time at the Griffin-Spalding County School District, Mr. Burnette always received positive, glowing job-performance evaluations from his employer. That is until the 2021-2022 school year when he began exhibiting side effects to his anxiety medication, specifically high blood pressure. Mr. Burnette requested intermittent FMLA leave as he worked with his medical provider to control his blood pressure and adjust his medications accordingly. After Griffin-Spalding County School District approved Mr. Burnette's FMLA leave, the District then retaliated against him for taking this leave by demoting him and decreasing his pay. This is a Complaint for the Defendants' unlawful interference (Count I) and Retaliation (Count II) against Mr. Burnette, in violation of the FMLA; and a violation of Mr. Burnette's Equal Protection rights under the Fourteenth Amendment to the U.S. Constitution through

42 U.S.C. § 1983 (Count III). [1]

## JURIDICTION AND VENUE

1.  Jurisdiction is conferred upon this Court pursuant to 28 U.S.C. § 1331 and 28 U.S.C.§ 1343 because the matters in controversy arise under the Constitution and laws of the United States and this is an action to redress the deprivation of Mr. Burnette's right to make and enforce contracts under 42 U.S.C. § 1981.

2.  Venue is proper in the Northern District of Georgia, Newnan Division, under 28 U.S.C. § 1391 because it is a district where the Defendants reside or do business and where a substantial part of the events or omissions giving rise to Mr. Burnette's claims occurred.

## PARTIES

3.  Plaintiff Gabriel Burnette is an adult citizen of the United States and a resident of Henry County, in the State of Georgia. Mr. Burnette submits himself to the jurisdiction of this Court.

4.  At all times relevant to this Complaint, Plaintiff was an employee of Griffin-Spalding County School District.

5.  Defendant Griffin-Spalding County School District (also known as "Griffin-Spalding County School System" and "Griffin-Spalding County Schools") is

---

[1] Plaintiff has filed an EEOC charge alleging disability discrimination, including a failure to accommodate and reserves his right to amend his complaint upon receipt of his right to sue under the Americans with Disabilities Act.

a public school district based in Griffin, Georgia.

6.      Defendant Griffin-Spalding County School District may be served with process by serving its Superintendent, Dr. Keith Simmons, at 216 S 6th Street, Griffin, Georgia 30224.

7.      Defendant Dr. Keith Simmons was the Superintendent of Griffin-Spalding County School District at all times relevant to this Complaint and is the current Superintendent of Griffin-Spalding County School District. Defendant Dr. Keith Simmons may be served with process at his residence or at the School District offices.

8.      Defendants R. Syntel Brown, William B. Doss, Sue McDonald, Barbara Jo Cook, and Zachery B. Holmes are all Members of the Griffin-Spalding County Board of Education and may be served with process at their residences or at the School District Offices.

9.      Defendant Judi Battle was the Executive Director of Human Resources at all times relevant to this Complaint and is the current Executive Director of Human Resources at Griffin-Spalding County School District.

10.     Defendant HR Executive Director Judi Battle may be served with process at her residence or at the School District Offices.

## RELEVANT FACTS

11.   Plaintiff Gabriel Burnette began working for the Defendant Griffin-Spalding County School District in the fall of 2015, as an Assistant Principal at Cowan Road Elementary, where he received stellar, positive reviews and job performance evaluations.

12.   Mr. Burnette served the State of Georgia as a public educator for approximately twenty-two years.

13.   Additionally, Mr. Burnette faithfully served the United States of America with two tours of duty in Iraq and Afghanistan during war time as a member of the Army Reserve.

14.   Unfortunately, as a result of his service in the war, Mr. Burnette developed a disability—a post traumatic anxiety disorder that impacted his major life activities.

15.   Fortunately, Mr. Burnette's disorder was successfully controlled through medication for years.

16.   The medication that Mr. Burnette took for his anxiety disorder is called Effexor.

17.   A known side effect of this medication is high blood pressure.

18.   Prior to Mr. Burnette taking FMLA leave, Mr. Burnette always received positive, glowing job-performance evaluations from his employer. The District never complained about any previous attendance or performance issues.

19.   Mr. Burnette never received any warnings, directives, or reprimands prior to his taking FMLA leave during the last year of employment with Defendant Griffin-Spalding County School District.

20.   In the fall of 2021, the medication that Mr. Burnette took for his anxiety began to negatively impact his blood pressure, causing it to skyrocket uncontrollably to life-threatening levels and substantially impacting Mr. Burnette's ability to perform major life activities such as attend work.

21.   Mr. Burnette's physician advised him that as an accommodation, he needed to obtain intermittent FMLA medical leave while they worked on adjusting his medication to effectively control his blood pressure.

22.   Mr. Burnette provided Defendant Griffin-Spalding County School District's Human Resources with the appropriate paperwork requesting intermittent FMLA leave—The FMLA application is dated October 1, 2021.

23.   On November 5, 2021, Defendant Griffin-Spalding County School District originally approved Mr. Burnette's request for Intermittent FMLA leave from November 2021 to July 2022.

24.   On February 9, 2022, Defendant Griffin-Spalding County School District updated Mr. Burnette's FMLA leave to continuous leave and approved this leave until March 7, 2022.

25.   On March 3, 2022, Mr. Burnette's *continuous* FMLA leave was extended to April 4, 2022.

## COUNT I FMLA INTERFERENCE
### *against Defendant Griffin-Spalding County School District*

26.   Defendant Griffin-Spalding County School District is an employer within the meaning of the FMLA – 29 U.S.C. § 2611 (4) —because it is a public agency that employes fifty or more employees each working day for twenty or more calendar workweeks in a year.

27.   Mr. Burnette is an eligible employee under the FMLA—29 U.S.C. § 2611(2)(a)— because he worked for more than 12 months at Defendant Griffin-Spalding County School District with more than 1,250 hours.

28.   Mr. Burnette suffered from a serious health condition including his anxiety and resulting life-threatening high blood pressure.

29.   Despite Defendant Griffin-Spalding County School District's approval of Mr. Burnette's request for intermittent FMLA leave, the District interfered with Mr. Burnette's right to take intermittent FMLA leave.

30.    Defendant Griffin-Spalding County School District interfered with Mr. Burnette's right to take FMLA leave when it continued to contact him **during** this leave to require him to meet with them and discuss his certifications, attendance, and experience, restraining the use of his leave.

31.    Defendant Griffin-Spalding County School District interfered with Mr. Burnette's rights under the FMLA when it discouraged him through Principal Enrique Ralls and HR Executive Director Judi Battle from taking further absences, although these absences were already approved through his FMLA application.

32.    Mr. Burnette was harmed by Defendant Griffin-Spalding County School District's interference of his FMLA rights because not only was he dissuaded from taking further absences he needed for his health, but the taking of this leave was also considered a negative factor in the decision to demote him to a lower paying teaching position for the next year.

33.    Only ten days after receiving approval for intermittent FMLA leave, Mr. Burnette received a letter of directive regarding his absences from Principal Enrique Ralls on November 15, 2021.

34.    The directive required that Mr. Burnette provide Doctor notes for *any* further sick absences despite his FMLA paperwork allowing him to miss up to three days per month.

35.     Mr. Burnette did not exceed three absences per month between November 2021 and January 2022 due to his anxiety and high blood pressure and only took two additional absences due to the District's own Covid policy.

36.     A breakdown of Mr. Burnette's absences are as follows:

**Onset of blood pressure issues:** 9/27, 9/28, 9/29, 9/30, 10/1, 10/4, 10/7, 10/20, 10/21, 10/25
**5 days sent home due to elevated blood pressure:** 10/5, 10/6, 10/8, 10/22, 1/7
**Intermittent FMLA:** 11/11, 11/17, 12/14, 1/21, 1/24
**Covid Protocol:** 11/18, 11/19
**Continuous FMLA:** 2/9 through 4/4

37.     Prior to Mr. Burnette's formal request for FMLA leave, Principal Enrique Ralls actually encouraged Mr. Burnette to take time off whenever his blood pressure would sky-rocket.

38.     It was only AFTER submitting his formal request to Defendant Griffin-Spalding County School District's Human Resources that Mr. Burnette received a letter of directive regarding his absences.

39.     It was only after submitting his formal request to Defendant Griffin-Spalding County School District's Human Resources that Mr. Burnette scored a 2 (needs development) in Instructional Leadership.

40.     On February 1, 2022, Griffin-Spalding County Board of Education recommended and approved Mr. Burnette as Assistant Principal.

41.   After approval from the Board as Assistant Principal of Cowan Middle School for the upcoming year, Mr. Burnette's Doctor placed him on continuous FMLA leave on February 9, 2022 which was to last until March 7, 2022.

42.   Despite the fact that he was ON continuous FMLA leave at the time, the Executive Director of Human Resources, Judi Battle contacted Mr. Burnette to "get an understanding of his attendance and background experience."

43.   On March 3, 2022, Mr. Burnette's continuous leave was extended and approved until April 4, 2022.

44.   On March 9, 2022, *after* the District approved Mr. Burnette's extended continuous FMLA leave, HR Executive Director Judi Battle requested a meeting with Mr. Burnette to be scheduled for March 14, 2022.

45.   The purpose of this meeting was to determine whether Mr. Burnette would be a "good fit" for the Assistant Principal position based on his attendance—despite the Board's prior approval of Mr. Burnette's position for the next year.

46.   Mr. Burnette returned to work on April 5, 2022 after his Doctor determined that his blood pressure was properly controlled with the adjustment of his medication.

47.   Mr. Burnette was not absent for any more days for the 2021-2022 school year after his return.

48. After Mr. Burnette's return from FMLA leave, he contacted the Executive Director of Human Resources Judi Battle and asked about his contract for the next year since he had not yet received it despite the Board's previous approval of his position in February 2022.

49. HR Executive Director Battle and Mr. Burnette had a phone meeting on April 22, 2022 when she informed him that he was being reassigned to a classroom teacher.

50. When Mr. Burnette asked about the reason for the reassignment, HR Executive Director Battle responded that she would find out and let him know.

51. Later, Mr. Burnette met with HR Executive Director Battle in person. At this meeting, Mr. Burnette inquired as to the reason for his reassignment and Ms. Battle's response was that the District wanted to go with new leadership.

52. Two other Assistant Principals were reassigned to other locations, but Mr. Burnette was the only one demoted to a teaching position.

53. HR Executive Director Battle also told Mr. Burnette that he was an "at-will" employee implying that the District could do whatever they wanted.

54. The teaching position that Defendant Griffin-Spalding County School District offered came with a $ 20,000 decrease in pay. This demotion not only had a devastating impact on Mr. Burnette's income, but also on his professional career that he had worked so hard for over two decades to build.

55.    In July 2022, Mr. Burnette formally sent Superintendent Dr. Keith Simmons

and Executive Director of Human Resources Judi Battle a letter of resignation.

He stated:

> Dear Superintendent Simmons and Ms. Battle:
>
> I am very disappointed with the school district's decision to demote me.
>
> I faithfully served as an Assistant Principal and administrator for a total of 17 years in addition to my 22 years of service in the military. Throughout my entire 21-year career, including the six years at Griffin Spalding I have had stellar performance evaluations.
>
> Ms. Battle expressed her concerns to me in a meeting back in March about my attendance and informed me that the District was trying to assess whether I was a good fit for the school district as an administrator based on my attendance during the 2021-2022 school year. Prior to that year I had never had a problem. I am confident that I would not have any future issues with attendance and in fact never had any past attendance issue on my record prior to last year.
>
> Under the circumstances of facing such a demotion, this is forcing me to resign as to move backwards into the classroom is a significant demotion that, in addition to the pay cut, would have a devastating effect on the professional career I have worked so hard to build.
>
> I will be looking for work elsewhere and I trust that if a prospective employer reaches out to you, that the District will provide a reference that accurately reflects the excellent job

evaluations, reviews, and performance I have shown over the past six years at Griffin Spalding.

I wish you all the best and sincerely yours,

Gabriel Burnette Ed.S
Assistant Principal
Cowan Road Middle School

56. The effect of the Defendant's actions has been to deprive Mr. Burnette of a job and income in the form of wages, health insurance, prospective retirement benefits, social security benefits and other benefits due to him solely because of the exercise of his rights under the FMLA.

57. As a result, Plaintiff is entitled to both equitable and monetary relief for Defendant's violation of the FMLA—including, but not limited to, back pay, front pay or reinstatement, attorney's fees, and costs of litigation.

58. Plaintiff is also entitled to liquidated damages for Defendant's willful violation of his rights under the FMLA. 29 U.S.C. § 2617 (a)(1)(A)(iii).

## COUNT II FMLA RETALIATION
### *against Defendant Griffin-Spalding County School District*

59. Plaintiff fully incorporates paragraphs 11-28, and 31-54, and any other paragraph this Court deems relevant, as fully stated herein to support Plaintiff's Count II.

60.    Plaintiff Mr. Burnette engaged in activity protected under the FMLA when he applied for and took FMLA leave.

61.    Defendant Griffin-Spalding County School District retaliated against Mr. Burnette when they demoted him after taking FMLA leave.

62.    Defendant Griffin-Spalding County School District retaliated against Mr. Burnette when they took Mr. Burnette's use and need of FMLA leave into account when they offered him a lower paying teaching position for the next school year.

63.    Defendant Griffin-Spalding County School District has no legitimate other reason for terminating Mr. Burnette because (1) plaintiff had good job performance prior to requesting FMLA leave; (2) Mr. Burnette's leave all complied with his employers requirements; (3) The District violated its own policy by interfering with and retaliating against Mr. Burnette for exercising his right to medical leave; and (4) while the District claims to want "new leadership" Mr. Burnette was the only Assistant Principal that was reassigned to a lower paying position.

64.    Defendant Griffin-Spalding County School District's actions against Plaintiff were committed with reckless disregard for his right to be free from discriminatory treatment on account of his exercise of his rights under the FMLA.

65.     The effect of the Defendant Griffin-Spalding County School District's actions has been to deprive Mr. Burnette of a job and income in the form of wages, health insurance, prospective retirement benefits, social security benefits and other benefits due to him solely because of the exercise of his rights under the FMLA.

66.     As a result, Plaintiff is entitled to both equitable and monetary relief for Defendant's violation of the FMLA—including, but not limited to, back pay, front pay or reinstatement, attorney's fees, and costs of litigation.

67.     Plaintiff is also entitled to liquidated damages for Defendant Griffin-Spalding County School District's willful violation of his rights under the FMLA. 29 U.S.C. § 2617 (a)(1)(A)(iii).

**COUNT III DENIAL OF EQUAL PROTECTION UNDER THE FOURTEENTH AMENDMENT, THROUGH 42 U.S.C. § 1983.**
*against Defendants Superintendent Dr. Keith Simmons; Board Members R. Syntel Brown, William B. Doss, Sue McDonald, Barbara Jo Cook, and Zachery B. Holmes; and Executive Director of Human Resources Judi Battle in their individual and official capacities.*

68.     Plaintiff fully incorporates paragraphs 11-25, and any other paragraph this Court deems relevant as fully stated herein to support Plaintiff's Count III.

69.     Mr. Burnette was impermissibly singled out because of his post traumatic anxiety disorder and resulting high blood pressure.

70. Mr. Burnette comprises a class of one and the Defendants subjected him to an adverse employment decision for no legitimate reason.

71. The Defendants' decision to demote Mr. Burnette was arbitrary because Mr. Burnette had good job performance prior to requesting FMLA leave, Mr. Burnette's leave complied with all the Defendants' requirements; and Mr. Burnette was the only Assistant Principal that was demoted rather than reassigned.

72. Mr. Burnette was deprived of Equal Protection under the law when he was demoted after taking FMLA leave but other colleagues were not.

73. Other colleagues took FMLA leave for reasons such as maternity leave, personal reasons, and surgery but not for anxiety related disorders and did not suffer a demotion or termination.

74. These other colleagues include J.M., C.D., E.J. and M.F.

75. Defendants Superintendent Dr. Keith Simmons and HR Executive Director Judi Battle were acting under color of state law when they interfered with Mr. Burnette's rights under the FMLA and demoted him for exercising his rights under the FMLA causing the denial to Mr. Burnette Equal Protection under the Laws as his co-workers who took FMLA leave for other reasons and were not demoted.

76.  Defendants Superintendent Dr. Keith Simmons and HR Executive Director Judi Battle personally participated in the final decision to demote Mr. Burnette and were the driving forces behind that decision.

77.  Defendant Superintendent Dr. Keith Simmons is a policy maker for the Griffin-Spalding County Board of Education and ratified the decision to demote Mr. Burnette after he took FMLA leave due to his anxiety disorder and resulting high blood pressure.

78.  Defendants R. Syntel Brown, Zachery B. Holmes, Barbara Jo Cook, William B. Doss, and Sue McDonald are all Members of the Griffin-Spalding County Board of Education and were tasked with final decision-making authority in demoting Mr. Burnette. Collectively the Members of the Board of Education denied Mr. Burnette equal protection under the law by failing to offer him a substantially similar position as he previously held after taking FMLA leave whereas they did offer other staff who took FMLA leave a substantially similar position they previously held.

79.  As a result of the Defendants' decision to demote Mr. Burnette, he suffered harm to his reputation, mental and emotional harm, as well as financial harm,

80.  Because the Defendants have deprived Mr. Burnette of Equal Protection under the law, Mr. Burnette is entitled to compensatory damages including not only out of pocket monetary damages but also impairment to his reputation,

damages for personal humiliation, and mental anguish and suffering. *Memphis Community School District v. Stachura*, 477 U.S. 299, 307 (1986); *see also Borunda v. Richmond*, 885 F.2d 1384, 1389 (9th Cir.1988).

81. Mr. Burnette is also entitled to attorney's fees and costs under 42 U.S.C. § 1988.

82. Plaintiff has filed an EEOC charge alleging disability discrimination, including a failure to accommodate and reserves his right to amend his complaint upon receipt of his right to sue under the Americans with Disabilities Act.

### PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff prays for the following:

(a) This matter be tried by a jury.

(b) Judgment in Plaintiff's favor against the Defendants on the above Counts.

(c) An Order requiring Defendants to make Plaintiff whole by awarding Plaintiff the lost wages and benefits or other expenses incurred because of Defendants' violation of the FMLA and denial of Equal Protection to Mr. Burnette.

(d) An Order awarding Plaintiff an additional amount as liquidated damages for Defendants' FMLA violation.

(e) An Order requiring Defendants to reinstate Plaintiff or for front pay equivalent to the pay and benefits Plaintiff would likely have earned were it not for Defendants' unlawful discriminatory acts.

(f) An Order requiring Defendants to compensate Plaintiff for mental and emotional damages, pain, and suffering, and for out-of-pocket losses suffered as a result of Defendants' unlawful and discriminatory acts.

(g) An Order granting Plaintiff reasonable attorney's fees and any and all other costs associated with this action as provided by the FMLA.

(h) Such additional relief as the Court deems proper and just, including but not limited to equitable and injunctive relief.

Respectfully submitted this 19th day of April 2024,

**WILLIAMS OINONEN LLC**

/s/ JULIE OINONEN
Julie Oinonen (Ga. Bar No. 722018)
*Counsel for Plaintiff*

3344 Peachtree Rd NE, Suite 800
Atlanta, Georgia 30326-4807
(404) 654-0288/ (404) 592-6225 FAX
julie@goodgeorgialawyer.com

19